UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEVIN DWAYNE THERIOT,

                Petitioner,

v.

DALE BONN, et al.,

                Respondents.

Case No. 1:25-cv-731

Honorable Phillip J. Green

_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

In *Day v. McDonough,* 547 U.S. 198 (2006), the Supreme Court concluded that a district court could *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d), even after the government had forfeited its timeliness defense by failing to raise that argument in its response.  In *Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015), the Sixth Circuit determined that the district court could *sua sponte* dismiss a habeas action as time-barred during the Rule 4 screening process as well.  The *Shelton* court made clear, however, that the *Day* Court's requirement that the "district court 'must accord the parties fair notice and an opportunity to present their positions,'" applied to consideration of the timeliness question on Rule 4 preliminary review.  *Shelton*, 800 F.3d at 294.

After undertaking the review required by Rule 4, the Court concludes that, on the face of the petition, it appears that Petitioner's request for habeas relief is barred by the one-year statute of limitations.  Nonetheless, the Court will provide Petitioner the requisite notice and opportunity to be heard by way of an order to show cause why his petition should not be dismissed as untimely.  The Court will also deny Petitioner's motion to appoint counsel (ECF No. 3) and "motion for joinder of claims" (ECF No. 7).

## Discussion

### I.    Factual Allegations

Petitioner is incarcerated with the Michigan Department of Corrections at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. On July 23, 2022, following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of two counts of first-degree murder, in violation of Mich. Comp. Laws § 750.316, and one count of possession of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. *See* Register of Actions, *People v. Theriot*, Case No. 02-002708-01-FC (Wayne Cnty. Cir. Ct.), https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=67768 (last visited Aug. 26, 2025). On August 8. 2002, the trial court sentenced Petitioner to life in prison for the first-degree murder convictions and two years for the felony-firearm conviction. *See id.*

Petitioner appealed his convictions and sentences to the Michigan Court of Appeals. On February 17. 2005, the court of appeals affirmed Petitioner's convictions and sentences. *See People v. Rushell*, Nos. 246022, 246023, 2005 WL 387462, at *1 (Mich. Ct. App. Feb. 17, 2005).[1] The Michigan Supreme Court denied Petitioner's

---

[1] The Michigan Court of Appeals consolidated Petitioner's appeal with the appeal filed by his co-defendant, Marcus Lamar Rushell.

3

application for leave to appeal on October 31, 2005. *See People v. Theriot*, 705 N.W.2d 132 (Mich. 2005).

In his handwritten § 2254 petition, Petitioner represents that in the summer of 2011, he returned to the trial court and filed a "motion for new trial based on newly discovered evidence in the form of a res gestae witness." (§ 2254 Pet., ECF No. 1 PageID.2.) According to Petitioner, that motion was denied on January 23, 2012. (*Id.*) Public dockets reflect that Petitioner did not seek to appeal the denial of that motion to the state appellate courts.

The Court received Petitioner's § 2254 petition on June 30, 2025. Petitioner raises the following grounds for relief in his petition:

I.    I have a *Blakely v. Washington* issue where the judge and prosecutor charged me initially with 1st degree murder, which is a[n] enhancing sentencing statute which facts would be determined only after trial.

II.   There is a jurisdictional defect when the court charge[d] me with a charge (1st degree murder) that is not defined by Michigan Compiled Laws. This means the [court] had no jurisdiction to bind me over to criminal court.

III.  That the judge and prosecutor used unconstitutional and illegal coercion in forcing state witness Jason Rusan to testify to the story and events that they crafted.

IV.   That the judge and prosecutor used unconstitutional and illegal coercion in forcing appellate attorney to abandon my appeal so it was not effective or timely after the initial brief.

V.    That the judge and prosecutor used unconstitutional and illegal misconduct in the form of collusion with state criminal judge

directing him to direct his clerk [illegible] to answer my motion for new trial due to newly discovered evidence in the form of a res gestae witness when he didn't have the legal authority.

VI.   That the judge and prosecutor used unconstitutional misconduct in the form of coercion by ordering defending counsel . . . to intentionally be ineffective by not objecting to the charging of a[n] enhancing conviction 1st degree murder.

VII.   Due to retroactive law in *People v. Parks*, 2022 Mich. LEXIS 1483, *People v. Stovall*, 2022 Mich. LEXIS 1486, and *People v. Poole*, 2022 Mich. LEXIS 1425, it is unconstitutional to sentence a person from ages 16 to 25 to life without the possibility of parole.

VIII.   That the judge and prosecutor used unconstitutional and illegal misconduct in the form of withholding evidence of the fact that victims Daniel Ashley and Jeremy Williams had jut committed an armed robbery before the incident that is subject of Case No. 02-2708. A withheld police report says that they found in [the] victims' car . . . recently stolen merchandise of numerous victims which included Joseph McTaw Jr.

IX.   Due to my affidavit and argument in support of, the incident outlined in Case No. 02-2708 should be legally classified as a justifiable homicide.

X.   That the judge and prosecutor used unconstitutional and illegal misconduct in the form of directing homicide detective Walter Bates and those under his supervision to use force to coerce me into signing an incriminating statement This was officially challenged and I always maintained that I did not write [it].

XI.   That the judge and prosecutor at every step forced Case No. 02-2708 to be unconstitutional by disregarding my right to a jury trial at arraignment per U.S. Constitution V, my right to have counsel during the critical stage of an arraignment per *Michigan v. Jackson* and IV Amendment, and the requirement to place actual probable cause on the face of the criminal complaint against me and when not its invalidated, *see Giardell v. United States*, 357 U.S. 480, and my statutory right to have a probable cause hearing before getting arraigned as established under

Michigan Court Rule 6108. Without this hearing, the court does not have jurisdiction over charges or me.

XII. As the state's own forensic Dr. Carl Schmidt testified to scientific facts/conclusion that said the prosecutor's story was impossible, there is insufficient evidence for a conviction of murder, be it 1st or 2nd degree, to legally stand.

XIII. I have a non-harmless error *Crawford* Confrontation Clause issue when my co-defendant Marcus Rushell made a statement but did not take the stand.

XIV. That I have a res gestae witness by the name of Jacob May, whose testimony is not on record. His existence has been known since 2010 but due to misconduct by Judges Lipscomb, Fort Hood, and Sullivan using unconstitutional clerk [illegible] to rule on a motion for new trial, his testimony has not been taken. He signed [an] affidavit.

XV. That I have a Michigan Department of Corrections staff member by the name of John E. Houtz who contacted Judges Lipscomb, Fort Good, Sullivan, and prosecutor Felepee on my behalf. That these named judicial officers confided in him and his testimony is not on record even though he signed [an] affidavit.

XVI. That state's star witness Jason Rusan recanted testimony while on the stand admitting he was only testifying in this way to that story because he was coerced to by the judge and prosecutor or he [would be] charged with the crime.

XVII. That there is numerous case law outlining that judicial misconduct by a judge, prosecutorial misconduct by the prosecutor, or police misconduct lead sot the dismissing of that criminal complaint. Since the judicial complaint proves my alleged criminal and unconstitutional actions of said court officers, my criminal complaint is tainted and has to be thrown out.

XVIII. Because my defense counsel . . . and appellate attorney . . . were clearly ineffective whether they were ordered to be or not.

6

XIX.  Case *Stewart v. Riopelle* states that Michigan Complied Laws, specifically the Michigan murder statute 715.316, are not state law, and should not have been used to charge/convict me since the language was changed.

(§ 2254 Pet., ECF No. 1, PageID.2–4.)

Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his § 2254 petition as of May 13, 2025. (§ 2254 Pet., ECF No. 4.)  Although the envelope in which the petition was mailed was not postmarked until June 23, 2025 (*id*., PageID.5), under Sixth Circuit precedent, the Court deems Petitioner's § 2254 petition filed as of May 13, 2025, the date Petitioner signed his petition.  *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

## II.  Pending Motions

### A.  Motion to Appoint Counsel (ECF No. 3)

Petitioner asks the Court to appoint counsel to represent Petitioner in these habeas proceedings.  Indigent habeas petitioners have no constitutional right to a court-appointed attorney.  *Johnson v. Avery*, 393 U.S. 483, 488 (1969); *Barker v. Ohio*, 330 F.2d 594, 594–95 (6th Cir. 1964); *see also Lovado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993).  The Court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires.  Rule 8(c), Rules Governing Section 2254 Cases.

The Court has considered the complexity of the issues and the procedural posture of the case.  In light of the Court's conclusion that Petitioner's § 2254 petition appears to be untimely, the assistance of counsel does not appear necessary to the proper presentation of Petitioner's position.  Petitioner's motion for a court-appointed attorney will, therefore, be denied.

**B.    "Motion for Joinder of Claims" (ECF No. 7)**

Petitioner also asks the Court to allow him to join all claims previously raised in Case Nos. 2:18-cv-71 "[through] and beyond" 2:19-cv-59 to his habeas petition. (ECF No. 7-1, PageID.27.)  According to Petitioner, the claims of retaliation, sexual assault, and unconstitutional classification to segregation "are directly related to all the claims in this pleading."  (*Id.*)

The cases referenced by Petitioner are civil rights actions that he previously filed in this Court.   Courts generally have been reluctant to allow hybrid civil rights/habeas actions, given that civil rights actions and habeas petitions have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage.  *See Spencer v. Barret*, No. 14-10823, 2015 WL 4528052, at *4 (E.D. Mich. July 27, 2015); *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (reasons for not allowing a prisoner to transform a § 1983 action into one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and §

8

2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)); *Dunbar v. Rozen*, No. 1:18-cv-617, 2019 WL 3213757, at *2 (W.D. Mich. July 17, 2019) (holding that a "hybrid" action involving both civil rights and habeas claims "presents significant problems," and courts typically have directed prisoners to file separate actions) (citing *Kirk v. Jablonski*, No. 18-cv-288, 2019 WL 1283009, at *1 (D.N.M. Mar. 20, 2019)); *Mittelstadt v. Wall*, No. 14-cv-423-jdp, 2014 WL 5494169, at *2 (W.D. Wisc. Oct. 30, 2014) (holding that prisoner "cannot pursue both habeas and § 1983 claims in a single lawsuit"). Accordingly, for that reason, the Court will deny Petitioner's "motion for joinder of claims" (ECF No. 7).

## III.    Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Section 2244(d)(1) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

9

the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## C.     Timeliness Under § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  As set forth *supra*, the Michigan Supreme Court denied Petitioner's application for leave to appeal on October 31, 2005.  Petitioner did not petition the United States Supreme Court for a writ of certiorari.

Petitioner's one-year limitations period under § 2244(d)(1)(A) did not begin to run until the 90-day period during which Petitioner could have sought review in the United States Supreme Court expired.  *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  Here, the 90-day period expired on Sunday, January 29, 2006.  That deadline was extended, however, to Monday, January 30, 2006, because the Court is not open on Sundays.  *See* Fed. R. Civ. P. 6(a)(1)(C) (noting that when the last day of a period stated in days falls on a

Saturday, Sunday, or legal holiday, the "period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").  Petitioner had one year from that date,[2] until Tuesday, January 30, 2007, to file his habeas petition.  As set forth above, Petitioner filed his § 2254 petition on May 13, 2025.  Obviously, absent tolling, Petitioner filed well more than one year after the time for direct review expired.

###    D.    Statutory Tolling

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

Here, Petitioner represents that he filed a motion for a new trial based upon newly discovered evidence in the summer of 2011. (§ 2254 Pet., ECF No. 1, PageID.2.) Even presuming that motion is a "properly filed application for State post-conviction or other collateral review" that serves to statutorily toll the limitations period, Petitioner filed that motion well after the one-year limitations period for purposes of AEDPA expired on January 30, 2007.  Thus, that filing did not serve to "revive" the

---

[2] The Sixth Circuit recently confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

one-year AEDPA limitations period; the statutory tolling provision does not "restart the clock . . . it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks omitted). When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id.*

Therefore, for the reasons set forth above, it does not appear that Petitioner is entitled to any statutory tolling since the one-year limitations period had already expired by the time he sought post-conviction relief in the trial court. Thus, the one-year limitations period expired on January 30, 2007, and Petitioner's § 2254 petition, filed on May 13, 2025, is clearly untimely.

### E.    Equitable Tolling

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner does not raise any arguments regarding equitable tolling. The fact that Petitioner is untrained in the law, is proceeding without an attorney, or may have been unaware of the statute of limitations also does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Accordingly, on the face of the petition, Petitioner is not entitled to equitable tolling of the statute of limitations.

## F.    Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. "'[A]ctual innocence' is factual innocence." *Bousley v. United States*, 523, U.S. 614, 624 (1998).

In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a

13

court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

Here, Petitioner suggests that he has a res gestae witness named Jacob May. (§ 2254 Pet., ECF No. 1, PageID.4.)  Petitioner states that May's existence has been known since 2010, but that his testimony is not on record due to the denial of Petitioner's motion for a new trial. (*Id.*)  Petitioner also makes assertions that the criminal complaint under which he was charged was jurisdictionally defective.

First, with respect to any assertion that the criminal complaint was jurisdictionally defective, such a claim does not relate to factual innocence. *See, e.g.*, *Logan v. Kelley*, No. 15-3879, 2016 WL 11786288, at *2 (6th Cir. Apr. 4, 2016) (stating "the state court's alleged lack of jurisdiction to try him does not . . . establish his actual innocence"); *Casey v. Tenn.*, 399 F. App'x 47, 48–49 (6th Cir. 2010) (holding that the petitioner's challenge to the trial court's jurisdiction could not establish factual innocence, only legal sufficiency, which does not justify relief under *Schlup*). Moreover, to the extent that Petitioner suggests that May's testimony would establish Petitioner's factual innocence, Petitioner has not provided any evidence, such as an affidavit from May, to support such a claim for relief.  To be entitled to rely upon actual innocence to overcome the statute of limitations bar, a petitioner "must produce evidence of innocence so strong that the court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d at 405 (internal quotation marks and citations omitted).  Here, Petitioner has simply failed to produce such evidence.

14

Accordingly, because Petitioner has failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

### G.    Timeliness Under § 2244 (d)(1)(B)–(D)

While Petitioner's § 2254 petition appears to be untimely under § 2244(d)(1)(A), that "subsection . . . provides one means of calculating the limitation with regard to the 'application' as a whole . . . but three others . . . require claim-by-claim consideration." *Pace*, 544 U.S. at 416 n.6.  Petitioner provides no assertions that he was impeded from filing his § 2254 petition by State action, nor does he set forth any argument regarding "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Thus, §§ 2244(d)(1)(B) and 2244(d)(1)(D) do not apply.

In ground VII, Petitioner suggests that, pursuant to retroactive case law issued by the Michigan Supreme Court in 2022, it is now unconstitutional to sentence someone 16 to 25 years old to life without the possibility of parole. (§ 2254 Pet., ECF No. 1, PageID.3.)  To the extent that Petitioner seeks belated commencement under § 2244(d)(1)(C), he cannot do so. That section allows for belated commencement from "the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).  Michigan Supreme Court decisions do not meet this standard and, even if they did, Petitioner filed his § 2254 petition well more than one year after they were decided.

Based on the allegations set forth in the petition, by January 30, 2007, the limitations period had expired.  At this time, it does not appear that Petitioner is entitled to statutory tolling, and he offers no basis to conclude that his petition is rendered timely by equitable tolling, avoidance of the statute of limitations bar because of actual innocence, or belated commencement of the limitations period.

## <u>Conclusion</u>

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day*, 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020).  The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.  The Court will also deny Petitioner's motion to appoint counsel (ECF No. 3) and "motion for joinder of claims" (ECF No. 7).

An order consistent with this opinion will be entered.


Dated:  August 29, 2025                              /s/ Phillip J. Green
                                                             PHILLIP J. GREEN
                                                             United States Magistrate Judge

16