UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEVIN DWAYNE THERIOT,

        Petitioner,         Case No. 1:25-cv-731

v.                                      Honorable Phillip J. Green

DALE BONN, et al.,

        Respondents.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. As part of a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases, the Court noted that it appeared that Petitioner had failed to timely file his petition. (Op., ECF No. 9.) The Court therefore entered an order directing Petitioner to show cause within 28 days why his petition should not be dismissed as untimely. (Order, ECF No. 10.) The Court received Petitioner's response (ECF No. 11) on September 8, 2025.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 6.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned

2

concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

In *Day v. McDonough,* 547 U.S. 198 (2006), the Supreme Court concluded that a district court could *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d), even after the government had forfeited its timeliness defense by failing to raise that argument in its response.  *Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015), the Sixth Circuit determined that the district court could *sua sponte* dismiss a habeas action as time-barred during the Rule 4 screening process as well.  The *Shelton* court made clear, however, that the *Day* Court's requirement that the "district court 'must accord the parties fair notice and an opportunity to present their positions,'" applied to consideration of the timeliness question on Rule 4 preliminary review.  *Shelton*, 800 F.3d at 294.

After reviewing Petitioner's response, the Court concludes that Petitioner has not shown cause why his petition should not be dismissed as untimely.  Accordingly, the Court will dismiss Petitioner's petition with prejudice as untimely.

## Discussion

### I. Factual Allegations

Petitioner is incarcerated with the Michigan Department of Corrections at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan.  On July 23, 2002, following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of

4

two counts of first-degree murder, in violation of Mich. Comp. Laws § 750.316, and one count of possession of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b.  *See* Register of Actions, *People v. Theriot*, Case No. 02-002708-01-FC (Wayne Cnty. Cir. Ct.), https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=67768 (last visited Aug. 26, 2025).  On August 8. 2002, the trial court sentenced Petitioner to life in prison for the first-degree murder convictions and two years for the felony-firearm conviction.  *See id.*

Petitioner appealed his convictions and sentences to the Michigan Court of Appeals.  On February 17. 2005, the court of appeals affirmed Petitioner's convictions and sentences.  *See People v. Rushell*, Nos. 246022, 246023, 2005 WL 387462, at *1 (Mich. Ct. App. Feb. 17, 2005).[2]  The Michigan Supreme Court denied Petitioner's application for leave to appeal on October 31, 2005.  *See People v. Theriot*, 705 N.W.2d 132 (Mich. 2005).

In his handwritten § 2254 petition, Petitioner represents that in the summer of 2011, he returned to the trial court and filed a "motion for new trial based on newly discovered evidence in the form of a res gestae witness."  (§ 2254 Pet., ECF No. 1 PageID.2.)  According to Petitioner, that motion was denied on January 23, 2012.

---

[2] The Michigan Court of Appeals consolidated Petitioner's appeal with the appeal filed by his co-defendant, Marcus Lamar Rushell.

5

(*Id.*) Public dockets reflect that Petitioner did not seek to appeal the denial of that motion to the state appellate courts.

The Court received Petitioner's § 2254 petition on June 30, 2025. Petitioner raises the following grounds for relief in his petition:

> I. I have a *Blakely v. Washington* issue where the judge and prosecutor charged me initially with 1st degree murder, which is a[n] enhancing sentencing statute which facts would be determined only after trial.
>
> II. There is a jurisdictional defect when the court charge[d] me with a charge (1st degree murder) that is not defined by Michigan Compiled Laws. This means the [court] had no jurisdiction to bind me over to criminal court.
>
> III. That the judge and prosecutor used unconstitutional and illegal coercion in forcing state witness Jason Rusan to testify to the story and events that they crafted.
>
> IV. That the judge and prosecutor used unconstitutional and illegal coercion in forcing appellate attorney to abandon my appeal so it was not effective or timely after the initial brief.
>
> V. That the judge and prosecutor used unconstitutional and illegal misconduct in the form of collusion with state criminal judge directing him to direct his clerk [illegible] to answer my motion for new trial due to newly discovered evidence in the form of a res gestae witness when he didn't have the legal authority.
>
> VI. That the judge and prosecutor used unconstitutional misconduct in the form of coercion by ordering defending counsel . . . to intentionally be ineffective by not objecting to the charging of a[n] enhancing conviction 1st degree murder.
>
> VII. Due to retroactive law in *People v. Parks*, 2022 Mich. LEXIS 1483, *People v. Stovall*, 2022 Mich. LEXIS 1486, and *People v. Poole*, 2022 Mich. LEXIS 1425, it is unconstitutional to sentence a person from ages 16 to 25 to life without the possibility of parole.

6

VIII. That the judge and prosecutor used unconstitutional and illegal misconduct in the form of withholding evidence of the fact that victims Daniel Ashley and Jeremy Williams had jut committed an armed robbery before the incident that is subject of Case No. 02-2708. A withheld police report says that they found in [the] victims' car . . . recently stolen merchandise of numerous victims which included Joseph McTaw Jr.

IX. Due to my affidavit and argument in support of, the incident outlined in Case No. 02-2708 should be legally classified as a justifiable homicide.

X. That the judge and prosecutor used unconstitutional and illegal misconduct in the form of directing homicide detective Walter Bates and those under his supervision to use force to coerce me into signing an incriminating statement This was officially challenged and I always maintained that I did not write [it].

XI. That the judge and prosecutor at every step forced Case No. 02-2708 to be unconstitutional by disregarding my right to a jury trial at arraignment per U.S. Constitution V, my right to have counsel during the critical stage of an arraignment per *Michigan v. Jackson* and IV Amendment, and the requirement to place actual probable cause on the face of the criminal complaint against me and when not its invalidated, *see Giardell v. United States*, 357 U.S. 480, and my statutory right to have a probable cause hearing before getting arraigned as established under Michigan Court Rule 6108. Without this hearing, the court does not have jurisdiction over charges or me.

XII. As the state's own forensic Dr. Carl Schmidt testified to scientific facts/conclusion that said the prosecutor's story was impossible, there is insufficient evidence for a conviction of murder, be it 1st or 2nd degree, to legally stand.

XIII. I have a non-harmless error *Crawford* Confrontation Clause issue when my co-defendant Marcus Rushell made a statement but did not take the stand.

XIV. That I have a res gestae witness by the name of Jacob May, whose testimony is not on record. His existence has been known since

7

        2010 but due to misconduct by Judges Lipscomb, Fort Hood, and Sullivan using unconstitutional clerk [illegible] to rule on a motion for new trial, his testimony has not been taken. He signed [an] affidavit.

XV. That I have a Michigan Department of Corrections staff member by the name of John E. Houtz who contacted Judges Lipscomb, Fort Good, Sullivan, and prosecutor Felepee on my behalf. That these named judicial officers confided in him and his testimony is not on record even though he signed [an] affidavit.

XVI. That state's star witness Jason Rusan recanted testimony while on the stand admitting he was only testifying in this way to that story because he was coerced to by the judge and prosecutor or he [would be] charged with the crime.

XVII. That there is numerous case law outlining that judicial misconduct by a judge, prosecutorial misconduct by the prosecutor, or police misconduct lead sot the dismissing of that criminal complaint. Since the judicial complaint proves my alleged criminal and unconstitutional actions of said court officers, my criminal complaint is tainted and has to be thrown out.

XVIII. Because my defense counsel . . . and appellate attorney . . . were clearly ineffective whether they were ordered to be or not.

XIX. Case *Stewart v. Riopelle* states that Michigan Complied Laws, specifically the Michigan murder statute 715.316, are not state law, and should not have been used to charge/convict me since the language was changed.

(§ 2254 Pet., ECF No. 1, PageID.2–4.)

Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his § 2254 petition as of May 13, 2025. (§ 2254 Pet., ECF No. 4.) Although the envelope in which the petition was mailed was not

8

postmarked until June 23, 2025 (*id.*, PageID.5), under Sixth Circuit precedent, the Court deems Petitioner's § 2254 petition filed as of May 13, 2025, the date Petitioner signed his petition. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

## II.   Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### A.     Timeliness Under § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As set forth *supra*, the Michigan Supreme Court denied Petitioner's application for leave to appeal on October 31, 2005. Petitioner did not petition the United States Supreme Court for a writ of certiorari.

Petitioner's one-year limitations period under § 2244(d)(1)(A) did not begin to run until the 90-day period during which Petitioner could have sought review in the United States Supreme Court expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Here, the 90-day period expired on Sunday, January 29, 2006. That deadline was extended, however, to Monday, January 30, 2006, because the Court is not open on Sundays. *See* Fed. R. Civ. P. 6(a)(1)(C) (noting that when the last day of a period stated in days falls on a Saturday, Sunday, or legal holiday, the "period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Petitioner had one year from that date,[3] until Tuesday, January 30, 2007, to file his habeas petition. As set

---

[3] The Sixth Circuit recently confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

forth above, Petitioner filed his § 2254 petition on May 13, 2025. Obviously, absent tolling, Petitioner filed well more than one year after the time for direct review expired.

### B. Statutory Tolling

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

Here, Petitioner represents that he filed a motion for a new trial based upon newly discovered evidence in the summer of 2011. (§ 2254 Pet., ECF No. 1, PageID.2.) Even presuming that motion is a "properly filed application for State post-conviction or other collateral review" that serves to statutorily toll the limitations period, Petitioner filed that motion well after the one-year limitations period for purposes of AEDPA expired on January 30, 2007. Thus, that filing did not serve to "revive" the one-year AEDPA limitations period; the statutory tolling provision does not "restart the clock . . . it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks omitted). When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id.*

Therefore, for the reasons set forth above, it does not appear that Petitioner is entitled to any statutory tolling since the one-year limitations period had already expired by the time he sought post-conviction relief in the trial court. Thus, the one-year limitations period expired on January 30, 2007, and Petitioner's § 2254 petition, filed on May 13, 2025, is clearly untimely.

### C.     Equitable Tolling

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

As an initial matter, the fact that Petitioner is untrained in the law, is proceeding without an attorney, or may have been unaware of the statute of limitations also does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his

12

late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

In his response, Petitioner raises various assertions of misconduct to attempt to overcome the untimeliness of his § 2254 petition. Petitioner suggests that: (1) his appellate attorney failed to "file anything after the initial appellate brief"; (2) that the MDOC prevented Petitioner from accessing the courts "in the form of assaults, sexual assaults, withholding supplies, law library, food, health care, and tampering[/]throwing away mail"; and (3) Petitioner had to borrow stamped envelopes, which "gave him minuscule court access for criminal and civil pleadings," and that the trial court's clerk would "act in the stead of . . . Judge Sullivan and sign orders." (ECF No. 11, PageID.47–49.) The Court will liberally construe these assertions to be Petitioner's attempt to invoke equitable tolling of the limitations period.

Petitioner fails to explain, and the Court fails to discern, how these alleged instances of misconduct prevented Petitioner from timely filing his § 2254 petition. At no time does Petitioner attempt to explain how appellate counsel's failure to file anything beyond the opening brief prevented Petitioner from filing a timely § 2254 petition. Furthermore, Petitioner fails to provide details as to when he was allegedly denied access to the courts by denial of the law library, envelopes, and other supplies.

Moreover, Petitioner fails to demonstrate that he diligently pursued his rights. As set forth above, the limitations period expired as of January 30, 2007. Petitioner

has been a frequent litigant in this Court between that date and now. *See Theriot v. Taskilea*, No. 2:25-cv-149, 2025 WL 2609471, at *2 (W.D. Mich. Sept. 10, 2025) (noting that prior to that action, "Plaintiff had filed 60 separate civil rights actions in this Court. Out of those 50, all but 10 were filed in the years 2018 and 2019."). At no time before the instant action has Petitioner filed a federal habeas petition. Certainly, the fact that Petitioner sat on his rights for over 18 years well exceeds what the Sixth Circuit has found excessive and inappropriate for equitable tolling. *See Robinson v. Easterling*, 424 F. App'x 439. 443 (6th Cir. 2011) (concluding that equitable tolling was not warranted where the petitioner sat on his rights for a year and a half).

Accordingly, for the reasons set forth above, Petitioner is not entitled to equitable tolling of the statute of limitations.

### D.     Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. "'[A]ctual innocence' is factual innocence." *Bousley v. United States*, 523, U.S. 614, 624 (1998).

In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather

14

than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

Here, Petitioner suggests that he has a res gestae witness named Jacob May. (§ 2254 Pet., ECF No. 1, PageID.4.) Petitioner states that May's existence has been known since 2010, but that his testimony is not on record due to the denial of Petitioner's motion for a new trial. (*Id.*) Petitioner also makes assertions that the criminal complaint under which he was charged was jurisdictionally defective. In his response, Petitioner suggests that he has established "justifiable hom[i]cide and not criminal hom[i]cide." (ECF No. 11, PageID.49.)

As the Court noted previously, with respect to any assertion by Petitioner that the criminal complaint was jurisdictionally defective, such a claim does not relate to factual innocence. *See, e.g.*, *Logan v. Kelley*, No. 15-3879, 2016 WL 11786288, at *2 (6th Cir. Apr. 4, 2016) (stating "the state court's alleged lack of jurisdiction to try him does not . . . establish his actual innocence"); *Casey v. Tenn.*, 399 F. App'x 47, 48–49 (6th Cir. 2010) (holding that the petitioner's challenge to the trial court's jurisdiction could not establish factual innocence, only legal sufficiency, which does not justify relief under *Schlup*). Moreover, to the extent that Petitioner suggests that May's testimony, or any other witness testimony, would establish Petitioner's factual innocence, Petitioner has not provided any evidence, such as affidavits from these individuals, to support such a claim for relief.

Furthermore, any claim by Petitioner that the homicide was justified does not establish Petitioner's actual innocence. The Sixth Circuit has consistently determined that defenses based upon justification or excuse relate to legal innocence, not factual innocence. *See, e.g.*, *Fuller v. Morrison*, No. 21-2704, 2022 WL 2719644, at *2 (6th Cir. Mar. 25, 2022) (concluding that an attack on a conviction based on the petitioner's mental health diagnoses and their impact on intent did not amount to a claim of factual innocence); *Arellano v. Howard*, No. 21-1024, 2021 WL 5499487, at *4 (6th Cir. Aug. 23, 2021) (concluding that a petitioner's challenge to a conviction for shooting her husband under a claim of legal justification relates to "legal" innocence, not factual innocence); *Bushner v. Bracy*, 17-3553, 2017 WL 9480312, at *3 (6th Cir. Dec. 11, 2017) (concluding that a claim of self-defense—which is a claim of justification—"goes to [the petitioner's] legal, rather than factual, innocence"); *Stewart v. Harry*, 17-1494, 2017 WL 9249946, at *2 (6th Cir. Nov. 21, 2017) (concluding that it was beyond debate that a claim of innocence based on self-defense is a claim of legal innocence, not factual innocence); *Bacon v. Klee*, No. 15-2491, 2016 WL 7009108, at *8 (6th Cir. Nov. 30, 2016) (same); *Harvey v. Jones*, 179 F. App'x 294, 298–99 (6th Cir. 2006) (concluding that the petitioner's claim of justification rested upon legal innocence, not factual innocence).

In sum, to be entitled to rely upon actual innocence to overcome the statute of limitations bar, a petitioner "must produce evidence of innocence so strong that the court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d

at 405 (internal quotation marks and citations omitted). Here, Petitioner has simply failed to produce such evidence. Accordingly, for all of the reasons set forth above, Petitioner cannot rely upon actual innocence to be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

### E.     Timeliness Under § 2244 (d)(1)(B)–(D)

While Petitioner's § 2254 petition appears to be untimely under § 2244(d)(1)(A), that "subsection . . . provides one means of calculating the limitation with regard to the 'application' as a whole . . . but three others . . . require claim-by-claim consideration." *Pace*, 544 U.S. at 416 n.6. Here, Petitioner sets forth no argument regarding "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Thus, § 2244(d)(1)(D) does not apply.

As discussed *supra*, Petitioner raises various assertions of misconduct to attempt to overcome the untimeliness of his § 2254 petition. Petitioner suggests that: (1) his appellate attorney failed to "file anything after the initial appellate brief"; (2) that the MDOC prevented Petitioner from accessing the courts "in the form of assaults, sexual assaults, withholding supplies, law library, food, health care, and tampering[/]throwing away mail"; and (3) Petitioner had to borrow stamped envelopes, which "gave him minuscule court access for criminal and civil pleadings," and that the trial court's clerk would "act in the stead of . . . Judge Sullivan and sign orders." (ECF No. 11, PageID.47–49.) The Court will liberally construe Petitioner's assertions to be assertions of State action that invoke § 2244(d)(1)(B).

Section 2244(d)(1)(B) provides that the limitations period begins to run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." *See* 28 U.S.C. § 2244(d)(1)(B). This section "requires a causal relationship between the unconstitutional state action and being prevented from filing the petition." *Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003) (quoting *Dunker v. Bissonnette*, 1154 F. Supp. 2d 95, 105 (D. Mass. 2001)).

First, while ineffective assistance of appellate counsel can constitute state action, *see id.* at 582, Petitioner simply fails to show how appellate counsel's failure to file anything beyond the initial opening brief prevented Petitioner from filing a § 2254 petition before the limitations period expired. Second, Petitioner does not provide any details as to how Judge Sullivan's clerk's alleged actions prevented him from filing a timely § 2254 petition. Moreover, while Petitioner suggests that the MDOC prevented him from filing a timely § 2254 petition by denying him access to legal materials, the law library, health care, etc., Petitioner provides no facts regarding when he was deprived of those items and how he was prevented from filing his § 2254 petition before January 30, 2007. Moreover, Petitioner's extensive litigation in this Court belies his assertion that he has been denied access to the courts until now. *See Theriot*, 2025 WL 2609471, at *2. Accordingly, for the foregoing reasons, Petitioner has failed to demonstrate that he is entitled to belated commencement of the limitations period under § 2244(d)(1)(B).

Finally, in ground VII, Petitioner suggests that, pursuant to retroactive case law issued by the Michigan Supreme Court in 2022, it is now unconstitutional to sentence someone 16 to 25 years old to life without the possibility of parole. (§ 2254 Pet., ECF No. 1, PageID.3.) To the extent that Petitioner seeks belated commencement under § 2244(d)(1)(C), he cannot do so. That section allows for belated commencement from "the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Michigan Supreme Court decisions do not meet this standard and, even if they did, Petitioner filed his § 2254 petition well more than one year after they were decided.

In sum, the limitations period expired as of January 30, 2007, and Petitioner has failed to show cause to excuse the tardy filing of his § 2254 petition. The Court, therefore, will issue a judgment dismissing the petition without prejudice.

## III.  Certificate of Appealability

The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application was timely. It is filed more than one year after the underlying judgment became final and he offers neither reason nor excuse why it is late. Therefore, a certificate of appealability will be denied. Moreover, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order denying a certificate of appealability as well as a judgment dismissing the petition with prejudice as untimely.

Dated:  October 7, 2025                           /s/ Phillip J. Green
                                                                   PHILLIP J. GREEN
                                                                   United States Magistrate Judge